UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-23382-GAYLES

MIRIAM COOPERSMITH,

        Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Miriam Coopersmith's Motion to Remand (the "Motion"), filed on September 4, 2018. [ECF No. 12]. The Court has considered the Motion and the record and is otherwise fully advised. Because the Court finds that Defendant Scottsdale Insurance Company has established that the amount in controversy exceeds the requisite jurisdictional threshold, the Motion is denied.

## BACKGROUND

According to the allegations set forth in the Complaint and Notice of Removal, Plaintiff had an insurance policy with Defendant. Plaintiff paid premiums on the policy through September of 2017, when the property sustained direct physical damages from Hurricane Irma. On December 19, 2017, Defendant admitted that the damages would be covered by the insurance policy, but determined that the property was damaged in the amount of $5,883.54—an amount below the deductible of $6,250.00. Defendant therefore denied coverage. On July 13, 2018, Plaintiff filed a breach of insurance contract action

against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint did not state an amount of damages.

Defendant removed this action to federal court on August 20, 2018 [ECF No. 1], based on Plaintiff's settlement demand contained within an August 20, 2018 email. That email, titled "CONFIDENTIAL SETTLEMENT NEGOTIATIONS," estimated the damages at $77,765.59 exclusive of attorneys' fees and costs. [ECF Nos. 1, 8-1 at 3].

## LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

But if there is a dispute regarding the amount in controversy, the burden rests on the Defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," *e.g.*, because the amount-in-controversy requirement has not been satisfied, "the case shall be remanded." 28 U.S.C. § 1447(c). The Court must construe the removal

statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

## DISCUSSION

Diversity of citizenship is not disputed, so the first jurisdictional prong has been met. *See* [ECF Nos. 1-2, 8 ¶ 3]; 28 U.S.C. § 1332(a). The only issue here is whether Defendant has met the jurisdictional amount. To do so, Defendant relies on Plaintiff's settlement demand of $77,765.59 exclusive of attorneys' fees and costs. Plaintiff counters that the jurisdictional threshold has not been met because that amount must be reduced for depreciation and that attorney's fees do not count because her entitlement to them is disputed.[1] Defendant argues that Plaintiff's settlement demand demonstrates that the threshold is exceeded because it represents the total sum of what Plaintiff wants.

Although a settlement demand can suffice to show the amount in controversy, it must be supported by evidence that clearly shows that a plaintiff's claim exceeds the jurisdictional amount set forth in the statute "exclusive of interest and costs." 28 U.S.C. § 1332(a). A defendant can demonstrate that the jurisdictional amount is met by submitting supporting documentation, such as affidavits, discovery filings, or other correspondence between the parties. *E.g.*, *Mitzelfeld v. Safeco Ins. Co. of Illinois*, No. 9:15-CV-80381, 2015 WL 11348283, at *1 (S.D. Fla. May 22, 2015) ("While Plaintiff is correct that settlement demands are not determinative, the settlement demand here went into great detail as to

---

[1] Plaintiff's counsel argues that the settlement demand was falsely coerced as a basis for removal, but that is not relevant to the Court's determination. What matters is what the suit was worth at the time of removal.

Plaintiff's damages, including surgery and a finding of permanent disability after the accident."). Where demand letters reflect only "'puffing and posturing' without providing 'specific information to support plaintiff's claim for damages,' they do not establish the requisite amount in controversy." *Lengyeltoti v. Starbucks Coffee Co. & Dart Container Corp.*, No. 16-CV-60213, 2016 WL 10953065, at *1 (S.D. Fla. May 18, 2016) (quoting *Boyd v. The Northern Trust Co.*, No. 8:15-cv-2928, 2016 WL 640529 (M.D. Fla. Feb. 18, 2016)) (remand was required where plaintiff did not attach any additional evidence or documentation).

Based on the record presented, the Court finds that the settlement demand here is reasonably supported by documentation that gave specific information supporting Plaintiff's claim. Plaintiff's post-suit settlement demand was for $77,765.59. It distinguished between damages, noting that the damages figure was "after application of deductible," and fees and costs. [ECF No. 8-1, at 3]. The settlement demand also stated that "all of the information contained in the demand was provided to the carrier in April, including mold estimates, testing, tarp, rebuild estimates, loss of use, etc." [*Id.*] Therefore, Plaintiff provided "ample information from which to estimate the amount in controversy" because the requisite damages are all set forth in correspondence between the parties.

Plaintiff argues that the Court should consider that the actual amount in controversy must encompass depreciation value, which takes the $77,765.59 figure and reduces it to $74,667.41—a figure only slightly below the statutorily-prescribed amount in controversy. Even assuming that is correct, the Court finds that reasonable attorney's fees would satisfy the amount in controversy.

Attorney's fees as calculated at the time of removal may be included in the amount in controversy. *See Hannat v. USAA Gen. Indem. Co.*, No. 17-CV-21754, 2017 WL 4712667, at *2–3 (S.D. Fla. Oct. 19, 2017) (noting that "the Eleventh Circuit has held that the amount in controversy must exceed $75,000 at the time of removal" and "only attorney's fees incurred prior to removal count toward the amount in controversy"). The Court may use its reason and experience when considering how much reasonable attorney's fees would be at the time of removal. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

At the time of removal, the suit had been pending for several months. Settlement negotiations had begun. Thus, attorney's fees (for which the Court can use its reason and experience to determine the amount) likely exceeded the $400 necessary to bring the amount above the jurisdictional threshold. *See Tober v. Transamerica Life Ins. Co.*, No. 12-21613-CIV, 2012 WL 2413766, at *3 (S.D. Fla. June 26, 2012). When including attorney's fees at the time of removal, the Court agrees that the amount in controversy in this case exceeds $75,000.00, and diversity jurisdiction therefore exists.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand [ECF No. 6] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of March, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE